## ACCEPTANCE OF SURRENDER OF PREMISES.

Superior Court of Cincinnati, General Term.

CHARLES BECKER ET AL V. FRANCIS M. SHOEMAKER ET AL.

Decided, November 22, 1907.

*Landlord and Tenant—Guaranty of Payment of Rent Passes with Conveyance of the Fee—Attempt to Surrender Lease—Refusal to Accept Surrender—Charge of Court.*

Acceptance by a landlord of the surrender of leased premises is not shown by testimony that the agent of the landlord called upon the lessee for the key, saying, "I want to take somebody up there to show them the place," when the only testimony as to anything further said by the agent at that or any other time was that he refused to accept the premises and insisted on holding the lessee for the rent for the remainder of the term of the lease.

*Albert Bettinger,* for plaintiffs in error.
*Charles B. Wilby,* contra.

WOODMANSEE, J.; HOFFHEIMER, J., and SWING, J., concur.

This suit was filed to recover rent upon a written lease for a term of five years. It is sought to hold certain defendants for the rent upon a written guarantee that was given to the lessor at the time of making the lease. The tenant left the premises at the end of three years and this suit is to recover rent for the remainder of the term from the tenant and his guarantors.

The record discloses that the original lessor sold the premises subject to the lease to the defendants in error. The guarantors demurred to the petition on the ground that the guaranty did not pass to the defendants in error by the conveyance of the fee, but we hold with the trial judge that it did and that there was no error in overruling the demurrer.

An amended answer was filed and plaintiff demurred to the second defense, which was sustained, and upon motion the third defense was stricken from the amended answer, in neither of which rulings of the court do we find error.

The case finally went to trial upon the petition, the second amended answer and the reply. Various exceptions were taken to the exclusion of certain testimony offered by the defendants

above, but we find that the rulings of the court upon the motions did substantial justice to both parties.

As to whether the court erred in charging the jury to bring in a verdict for the plaintiffs below, it must be determined whether there was a surrender of the premises by the tenant to the landlord and whether such surrender was accepted by defendants in error, either personally or by their authorized agents. This is now the only vital issue, for we hold that the testimony does not disclose an eviction or any thing tantamount thereto.

The tenant testified that he delivered the key of the premises to defendant's authorized agent. The tenant's testimony admits that such agent refused to accept the key. Later the agent got the key for the purpose of showing the property to a prospective tenant, and this is claimed as an acceptance by counsel for plaintiffs in error.

But it must be conceded that any such intent is rebutted by the testimony of the tenant himself. The tenant testifies on page 31 of the bill of exceptions, that the agent when he called for the key, said: "Let me have the key; I want to take somebody up there and show them the place." And the only testimony in the case relating to what was said by the agent at any time on this subject was that he refused to accept the premises and insisted on holding the tenant for the rent.

Subsequent to this alleged surrender an agreement was made between the parties that the landlord should make an effort to secure a tenant, which effort would in no way affect the rights of the parties under the lease.

We find that there was no testimony disclosing a surrender of the premises and its acceptance by the owners or their authorized agent, and the trial judge therefore properly instructed the jury to render a verdict for plaintiffs.

This being our view of the case all other errors assigned relative to the instructions to the jury, either in giving or refusing to give certain charges, are in no way important, for the charge stands simply as a direction to the jury to find for the plaintiffs below.

Judgment affirmed.